UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNIE DANIELS, MICHAEL COWELL
LYNDON FLOYD, PATRICIA AUSTIN,
GENETHEL DANIELLE PYE, MELISSA WIGFALL,
VIRGINIA LARRY, ANTHONY MILLS,
MARKIS FLANDERS,  AARON KEMP,
MALISA BUTLER, DUSTIN HARRIS, MELISSA WORLEY
AND KIMBERLY HARRIS,

        Plaintiffs,

  vs.                                      CASE NO.: 8:10-cv-375-T-27AEP
                                                  JURY TRIAL DEMANDED

SODEXO, INC., RICH VOGEL,
VICKIE BEAVENS,
VIRGINIA WILLIAMS, and
DAVID THOMPKINS

        Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, **CONNIE DANIELS ("Daniels"), MICHAEL COWELL ("Cowell"), LYNDON FLOYD ("Floyd"), PATRICIA AUSTIN ("Austin"), GENETHEL DANIELLE PYE ("Pye"), MELISSA WIGFALL ("Wigfall"), VIRGINIA LARRY ("Larry"), ANTHONY MILLS ("Mills"), MARKIS FLANDERS ("Flanders"),  AARON KEMP ("Kemp"), MALISA BUTLER ("Butler"),  DUSTIN HARRIS,  MELISSA WORLEY ("Worley") and KIMBERLY HARRIS** by and through undersigned counsel, hereby sues Defendants, **SODEXO, INC. ("Sodexo"), RICH VOGEL ("Vogel")**, **VICKI BEAVENS ("Beavens"), VIRGINIA WILLIAMS ("Williams")** and DAVID THOMPKINS ("Thompkins") and states as follows:

This is an action for legal and equitable relief for unpaid wages under Florida Statute 448.110 and for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 216(b) (the "FLSA"), Defendants' unlawful race discrimination, racial harassment and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 USC Sec. 1981, <u>et seq</u>. ("Section 1981") and for retaliation under Florida's Whistleblower Act, Florida Statute 448.102 Section 3, 448.103(d)(e), 448.104, assault and battery and attorney fees and cost.

1. The claims brought under the FLSA and Florida Statute 441.110 are to recover from Defendant Sodexo unpaid wages and overtime compensation, liquidated damages and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid employee who worked for the Defendant Sodexo at any time within the past three (3) years.

2. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs, DUSTIN HARRIS, DANIELS, COWELL, FLANDERS, AUSTIN, MILLS AND KEMP, and those similarly situated to them, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs, and those similarly situated to them, for those hours worked in excess of forty (40) within a work week.

3. At all material times relevant to this action, Defendant Sodexo was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203 (s).

4. During their employment with Defendant, Plaintiffs identified above in paragraph 2, and those similarly situated to them, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

Instead, Defendant did not compensate Plaintiffs for all hours worked over forty (40) per week in one or more workweeks.

5. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs and other similarly situated to them are in the possession and custody of Defendant Sodexo.

6. Retaliation and race discrimination is a violation of Section 1981 of the Civil Rights Act of 1866, 42 USC Sec. 1981, et seq.

7. The Plaintiffs are all residents of Pasco County.

8. Plaintiff DANIELS is a white female and former employee of Defendant Sodexo; she was constructively discharged during January 2009.  Plaintiff COWELL is a white male and former employee of Sodexo; he was constructively discharged during October 2009; Plaintiff FLOYD is a black male and former employee of Sodexo; he was fired on November 5, 2008;  Plaintiff AUSTIN is a black female and former employee of Sodexo; she was fired during March 2008; Plaintiff PYE is a black female and former employee of Sodexo; she was fired during January 2009;  Plaintiff WIGFALL is a black female and current employee of Sodexo; Plaintiff LARRY is a black female and is a current employee of Sodexo;  Plaintiff MILLS is a black male and current employee of Sodexo; Plaintiff FLANDERS is a black male and current employee of Sodexo;  Plaintiff KEMP is a white male and current employee of Sodexo; Plaintiff BUTLER is a black female and was constructively discharged during November 2008; Plaintiff DUSTIN HARRIS is a white male and former employee of Sodexo; he was fired during March 2008; Plaintiff WORLEY is a white female and current employee of Sodexo, and Plaintiff  KIMBERLY HARRIS is a white female and current employee of Sodexo.

9. Plaintiffs are members of a class of persons protected from unlawful actions related to their employment under 42 U.S.C. §1981.

10. Defendant Sodexo is a foreign entity authorized to do business in the state of Florida with a principal address in Gaithersburg, Maryland and registered agent in Tallahassee, Florida.

11. Defendant Vogel is a resident of Pasco County and General Manager of Sodexo's Saint Leo University Branch and at all material times affected the terms and conditions of Plaintiffs' employment.

12. Defendant Beavens is a resident of Pasco County and Production Manager of Sodexo's Saint Leo University Branch and at all material times affected the terms and conditions of Plaintiffs' employment.

13. Defendant Williams is a resident of Pasco County and a Manager of Sodexo's Saint Leo University Branch and at all material times affected the terms and conditions of Plaintiffs' employment.

14. All conditions precedent for the filing of this action before this Court have been met.

15. This Court has original jurisdiction over these claims under Section 1981 and Section 1985 and declaratory relief pursuant to the applicable provisions of the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202 and has supplemental jurisdiction over the claims under the Florida Whistleblower Act, Unpaid Wages, and Battery pursuant to 28 U.S.C. 1367.

16. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. Section 1391 as the violations described herein occurred within this judicial district.

17. At all material times, Defendant Sodexo had more than 15 employees.

18. Defendant Sodexo is aware of the job segregation, bi-racial discrimination, associational discrimination, race-based comments, conduct and jokes as detailed below. Sodeox's all

white management team at the St. Leo University Branch has systemic, open, obvious and fully implemented race-based policies and practices that have been well documented by Sodexo and blatantly disregarded:

(a) Causing Plaintiffs to be subjected to job segregation by assigning blacks and white employees who associate with blacks and/or have bi-racial children to less-desirable, lower-paying jobs than their white counterparts and denying them catering assignments which resulted in lower income to the Plaintiffs;

(b) Causing racial disparity in percentage increase in interim pay raises (not mandated by St. Leo University);

(c) Denying promotion opportunity to qualified black employees and promoting less than qualified non-black employees;

(d) Negligently placing Defendant Thompkins in a supervisory role solely because he is black without regards to his qualifications and history;

(e) Subjecting white employees to close scrutiny, offensive comments;

(f) Causing Plaintiffs to be terminated because of their race;

(g) Causing Plaintiff FLOYD to be terminated because of his race and because he openly celebrated Barack Obama's election as President of the United States;

(h) Defendant Beavens has openly complained that there are too many black employees working for Sodexo at Saint Leo University;

(i) Defendant Beavens, in conversation with her white co-workers, has referred to her black subordinates and black co-workers as "Nigger" on more than 40 separate occasions and as "F**king Niggers" on many occasions;

(j) Defendant Beavens told her white co-worker that she hates black people and that she wanted to get rid of the blacks at Sodexo;

(k) Defendant Beavens openly asked Sodexo staff members why so many blacks are employed by Sodexo at the Saint Leo Campus;

(l) Defendant Beavens often made racist jokes on the job and discouraged white employees from socializing with black employees and black friends;

  (m) Defendants Williams and Beavens have used intimidation tactics against white employees to prevent them from socializing with their black co-workers;

  (n) Defendant Vogel physically and verbally assaulted Plaintiff FLOYD in retaliation for Plaintiff openly celebrating Barack Obama's election as President of the United States, and Vogel berated Plaintiff FLOYD with profanity by shouting get the "F**k out", and he fired FLOYD and had him escorted from campus by guards and police;

  (o) Upon information and belief, Defendants created a false report regarding Plaintiff Larry's conduct on the job immediately after she complained about race discrimination;

  (p) Defendant Vogel used profanity towards the black employees but rarely if ever used such foul language towards the non-black employees;

  (q) Defendant Vogel told Plaintiff DANIELS, a white former employee, that she would have to be fired because the company fired a black employee;

19. Defendants Vogel, Beavens, and Williams' conduct was (a) more than a single act of discrimination by a single entity. Defendants' conduct involved a series of acts over time (calendar years 2007, 2008, 2009, and 2010) going well beyond simple ratification of a managerial or supervisory decision by officials and consisted of joint discretionary activity which included many words and deeds engaged in by Defendants Vogel, Williams and Beavens in their individual capacity; (b) motivated by racial animus or some other independent personal stake in depriving Plaintiffs' rights, not acting out of concern for the best interest of Sodexo; and/or (c) acting outside the scope of their employment.

## COUNT I - UNPAID WAGES AND UNPAID OVERTIME WAGES

20. Plaintiffs reincorporate and readopt all allegations within Paragraphs 1- 19 above.

21. Plaintiffs DUSTIN HARRIS, DANIELS, COWELL, FLANDERS, AUSTIN, MILLS AND KEMP and those similarly situated to them are/were entitled to be paid for all work performed; and time and one-half their regular rate of pay for each hour worked in excess

of forty (40) per work week. During their employment with Defendant Sodexo, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not compensated for all hours worked.

22. As a result of Defendant Sodexo's intentional, willful and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, for all work performed and time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendant Sodexo's willful violation of the FLSA and Florida Statute 448.110, Plaintiffs and those similarly situated to them are entitled to liquidated damages.

24. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs and all other similarly-situated employees, demand judgment against Defendant Sodexo, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Sodexo did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II:  BATTERY
### AS TO DEFENDANTS VOGEL, BEAVENS, WILLIAMS, and THOMPKINS

25. Plaintiffs COWELL, FLOYD, LARRY and BUTLER re-allege paragraphs 1- 19 as though fully stated herein.

26. During the fall semester of school year 2008-2009, Defendant Thompkins willfully and maliciously assaulted and battered Plaintiff Butler;

27. During the fall semester of school year 2009-2010, Defendant Williams willfully and maliciously assaulted and battered Plaintiff Cowell;

28. During the fall semester of school year 2008-2009, Defendant Vogel willfully and maliciously assaulted and battered Plaintiff Floyd;

29. During the Spring semester of school year 2009-2010, Defendant Beavens willfully and maliciously assaulted and battered Plaintiff Larry;

30. As a result, Plaintiffs suffered bodily injury resulting in pain and suffering, mental anguish, emotional distress, embarrassment and humiliation, anguish, anxiety, tension, irritability and a loss of self esteem.  The losses are either permanent or continuing, and Plaintiffs will suffer the losses in the future.

31. As a result of Defendants' actions, Plaintiffs have suffered damages included, but not limited to, mental and emotional distress, humiliation, embarrassment, anguish, anxiety, tension and irritability.

    WHEREFORE, Plaintiffs demand a jury trial on issues so triable and request judgment for damages and attorneys' fees and costs as allowable.

### COUNT III:  RETALIATION UNDER FLORIDA WHISTLEBLOWER STATUTE AND SECTION 1981 AGAINST DEFENDANTS SODEXO, VOGEL, BEAVENS, and WILLIAMS

32. Plaintiffs DANIELS, MILLS, KEMP, FLANDERS, LARRY, WIGFALL, WORLEY, DUSTIN HARRIS, and COWELL re-allege paragraphs 1- 19 as though fully stated herein.

33. Plaintiffs are employed by Defendant Sodexo pursuant to an oral at-will employment contract.

34. Plaintiff DANIELS participated in protected activity by complaining to Defendant Sodexo about race discrimination and unpaid wages.

35. Plaintiff MILLS participated in protected activity by complaining about race discrimination to Human Resources, Sodexo official Rich Vogel and the local chapter of the NAACP.

36. Plaintiff LARRY participated in protected activity by complaining about race discrimination to Sodexo's official Rich Vogel.

37. Plaintiff Worley participated in protected activity by complaining about bi-racial and associational discrimination to Defendants' counsel.

38. Plaintiff Dustin Harris participated in protected activity by complaining to Rich Vogel about racial disparity of job assignments of his crew and by refusing to make a false statement to the Equal Employment Opportunity Commission (the "EEOC") in support of Sodexo and in opposition to Plaintiff Mills.

39. Plaintiff Cowell participated in protected activity by complaining to Rich Vogel about being assaulted and battered by Defendant Virginia Williams.

40. Plaintiffs Mills, Larry, Flanders, Wigfall and Kemp participated in protected activity by initiating and maintaining this litigation against Defendants Sodexo, Vogel, and Beavens.

41. Defendants Sodexo, Vogel, Beavens and Williams immediately became aware of Plaintiffs' participation in the protected activities.

42. Defendants Sodexo, Vogel, Beavens and Williams unlawfully retaliated against Plaintiffs for participating in the protected activities by:

   a. Withholding information and fabricating evidence during Plaintiff Daniel's unemployment proceeding which prevented her from receiving her unemployment benefits;

   b. Subjecting Plaintiff Mills to a demotion, suspension, and disparity in pay, close scrutiny, intimidation, job segregation, trumped up allegations of misconduct and a pretextual investigation pertaining to "premium night";

    c. Subjecting Plaintiff Larry to assault and battery, job segregation, close scrutiny, intimidation, harassment and immediate administrative leave and a bogus investigation into her job performance within 12 hours of her complaining and subjecting her to a pretextual investigation pertaining to "premium night" and/or serving food to students;

    d. Immediately subjecting Plaintiff Worley to a disciplinary write up within a few days of complaining;

    e. Subjecting Plaintiff Cowell to a demotion and undue discipline for bogus incident;

    f. Subjecting Plaintiff Dustin Harris to undue discipline, less work, and termination;

    g. Subjecting Kemp to intimidation tactics, a pretextual investigation pertaining to "premium night" and close scrutiny; and

    h. Subjecting Plaintiffs Flanders and Wigfall to intimidation tactics and close scrutiny.

43. Plaintiffs' adverse treatment in the terms and conditions of their employment is causally linked to their statutorily protected activity of complaining about race discrimination.

44. As a result of Defendants Sodexo, Vogel, Beavens, and William's actions, Plaintiffs have suffered damages including, but not limited to, compensation for lost wages, benefits and other enumerations, mental and emotional distress, humiliation, embarrassment, anguish, anxiety, tension and irritability.

45. Defendants' retaliation damaged Plaintiffs and violated Section 1981 of the Civil Rights Act of 1986 and the Florida Whistleblower Act, Florida Statute 448.102, 448.103(d)(e) and 448.104.

    WHEREFORE, Plaintiffs ask the court to accept jurisdiction in this case, grant Plaintiffs a trial by jury, find that Defendant Sodexo has violated the laws specified herein and award

payment of compensatory damages, lost wages, punitive damages (as to Section 1981 only) and other remunerations allowable at law and attorneys' fees and costs and provide any other remedy the court deems just and proper including injunctive relief.

### COUNT IV:  RACE DISCRIMINATION UNDER SECTION 1981 AGAINST SODEXO, VOGEL, and BEAVENS

46. Plaintiffs DANIELS, FLOYD, AUSTIN, PYE, WIGFALL, LARRY, MILLS, FLANDERS, BUTLER, WORLEY, and KIMBERELY HARRIS re-allege paragraphs 1- 19 as though fully stated herein.

47. The Plaintiffs are/were employed by Defendant Sodexo pursuant to an oral at-will employment contract.

48. Plaintiffs FLOYD, PYE, BUTLER and AUSTIN were terminated because they are black. Similarly situated non-blacks were not terminated.

49. Plaintiff DANIELS was constructively terminated because of her race. She was told by her Manager, Defendant Vogel, that she would have to be fired because "a black" was fired. Prior to the black employee's (Plaintiff PYE) termination, no similarly-situated white employee was fired.

50. Plaintiffs WIGFALL, MILLS, LARRY and FLANDERS are subjected to job segregation, less-desirable jobs, pay disparity, close scrutiny of job performance, racial hostility, undue punishment & discipline, and disparity in work load.

51. Plaintiffs KIMBERLY HARRIS and WORLEY are subjected to disparate treatment in job assignments, job segregation, pay disparity, close scrutiny of job performance, undue punishment & discipline because of their bi-racial families (black) and associations with black co-workers and black friends.

52. Defendant Sodexo has not assisted Plaintiffs or supported Plaintiffs in addressing the race-based problems and have failed to properly address Plaintiffs' complaints of unlawful race discrimination in the workplace.

53. Defendants' unlawful discrimination damaged Plaintiffs and violated Section 1981 of the Civil Rights Act of 1986 and the Florida Whistleblower Act, Florida Statute 448.102, 448.103(d)(e) and 448.104.

WHEREFORE, Plaintiffs asks the court to accept jurisdiction in this case, grant Plaintiffs a trial by jury, find that Defendant Sodexo has violated the laws specified herein and award payment of compensatory damages, punitive damages, lost wages and other remunerations allowable at law and attorneys' fees and costs and provide any other remedy the court deems just and proper including injunctive relief.

WHEREFORE, Plaintiffs demands judgment for damages against Defendants.

Dated this 9th day of June, 2010.

Respectfully submitted,

/s/ Sonia C. Lawson_____
Sonia C. Lawson, 0186678
100 North Tampa Street, Suite 2435
Tampa, Florida 33679-2901
(813) 221-8383
(813) 443-5397 Fax
(813) 902-6035 e-fax
soniaclawson@aol.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Complaint was filed via electronic filing on June 9, 2010.

/s/ Sonia C. Lawson