UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNIE DANIELS, *et al.*,

    Plaintiffs,

v.                                                       Case No. 8:10-cv-375-T-27AEP

SODEXO, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs filed this action against Defendants alleging a state law claim for battery, violations of the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), and race discrimination and retaliation under 42 U.S.C. § 1981 and the Florida Whistleblower Act (Dkt. No. 15). After the parties agreed to a settlement, Plaintiffs filed motions to reopen the case claiming that Defendants fraudulently induced them into agreeing to settlement terms for which Defendants lacked authority to implement (Dkt. Nos. 32, 42). Plaintiffs later withdrew the motion and sought to affirm the settlement agreement (Dkt. No. 76). Prior to withdrawal of the motions to reopen, and following a lengthy and contentious motion practice, Defendant Sodexo, Inc. ("Sodexo") filed a motion for sanctions against Plaintiffs' counsel, Sonia Lawson ("Lawson"), under Federal Rule of Civil Procedure 11, which the Court granted (Dkt. No. 62, 93). Although Lawson filed a notice of compliance with the Court's award of sanctions (Dkt. No. 94), approximately a year later, Lawson filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Rule 11 sanctions (Dkt. No. 97). The Court denied Lawson's motion and she subsequently appealed that decision (Dkt. Nos. 100, 101). On appeal, the Eleventh Circuit

affirmed the denial of Lawson's Rule 60(b) motion (Dkt. Nos. 111, 115).  In the interim, Sodexo moved pursuant to 28 U.S.C. § 1927 for an award of attorneys' fees and costs against Lawson related to the Rule 60(b) motion (Dkt. No. 106).  For the reasons that follow, I recommend that the motion for attorneys' fees be granted.

**I.     Background**

At the time Plaintiffs initiated the instant lawsuit, Sodexo held a contract with Saint Leo University ("Saint Leo") to provide food services.  Fourteen of the Sodexo employees who worked on the Saint Leo account filed this action for unpaid overtime wages, retaliation, race discrimination, and battery (Dkt. Nos. 1, 15).  Early in the case, the parties conducted mediation and settled all of the pending claims (Dkt. No. 16).  Accordingly, upon receiving the notice of settlement, the Court administratively closed the case and directed the parties to file a joint motion for the Court's approval of the settlement agreement, as required for FLSA cases (Dkt. No. 17).  The parties subsequently filed a joint motion for approval of the settlement as to Plaintiffs' FLSA claims (Dkt. No. 20).  The Court granted the motion and dismissed the FLSA claims of Plaintiffs Connie Daniels, Patricia Austin, Michael Cowell, Anthony Mills, Markis Flanders, Aaron Kemp, and Dustin Harris with prejudice (Dkt. No. 21).

Following that, Plaintiffs sought an enlargement of time to seek leave to reopen the case for good cause or to submit a stipulated form of final order or judgment, claiming that substantial factual disputes existed as to the terms of the non-FLSA settlement agreements and circumstances surrounding negotiations and execution of each of the non-FLSA settlement documents (Dkt. No. 22).  The Court granted the request and, subsequently, the parties filed a joint stipulation

dismissing with prejudice all of the claims brought by Plaintiffs Michael Cowell, Lyndon Floyd, Patricia Austin, and Dustin Harris (Dkt. No. 24). As to the remaining Plaintiffs, they sought an extension of time to seek leave to reopen the case for good cause or file a stipulated form of final order or judgment, again claiming that factual disputes remained as to the circumstances surrounding the negotiations and execution of the settlement agreements, including the terms of the agreements (Dkt. No. 25). The Court granted the relief sought (Dkt. No. 26), and Plaintiffs then filed a joint stipulation dismissing with prejudice all claims brought by Plaintiff Aaron Kemp (Dkt. No. 27). The remaining nine Plaintiffs then sought a third extension of time to seek leave to reopen the case for good cause or file a stipulated form of final order or judgment, still contending that factual disputes remained (Dkt. No. 28). Shortly thereafter, the parties jointly moved for a settlement status conference (Dkt. No. 29). The Court granted both motions and scheduled a status conference (Dkt. No. 30).

On the date of the status conference, the remaining Plaintiffs filed a motion seeking leave to reopen the case for good cause pursuant to Local Rule 3.08(b) (Dkt. No. 32). In the motion, Plaintiffs argued that Sodexo offered non-monetary conditions to settle the claims, including the provision of promotion opportunities and reinstatement of several Plaintiffs who had been terminated, for a release of all potential claims. According to Plaintiffs, Sodexo did not satisfy the non-monetary conditions of the settlement agreement and knew prior to entering into the settlement agreement that it could not be bound by the conditions because of its contractual obligations with Saint Leo. Namely, according to Plaintiffs, Sodexo knew that Saint Leo planned to terminate the agreement with Sodexo to provide food services and thus could not implement

the non-monetary conditions of the settlement.

During the status conference, the parties disclosed to the Court that the remaining Plaintiffs received settlement checks but refused to sign stipulations for dismissal. The Court informed Lawson that the remaining Plaintiffs either needed to have the Court enforce the settlement or move to have the settlement declared null and void. As the Court explained, the remaining Plaintiffs were not permitted to keep the settlement money but fail to sign the stipulations for dismissal.

Following the status conference, Sodexo filed a motion to enforce the settlement (Dkt. No. 38). After that, the remaining Plaintiffs filed an amended motion to reopen the case for good cause (Dkt. No. 40).[1] Essentially, Lawson alleged that Sodexo and opposing counsel had engaged in fraud in order to get Plaintiffs to enter into a settlement agreement. Sodexo, in response, filed a motion for Rule 11 sanctions (Dkt. No. 62), arguing that Lawson's amended motion to reopen was replete with factual allegations that were patently inadmissible and lacked evidentiary support, Lawson failed to conduct a reasonably diligent pre-filing investigation as required by Rule 11 before making the allegations of fraud and conspiracy to defraud in the amended motion to reopen, and the amended motion to reopen contained legal positions that were unwarranted and contradicted by existing, well-settled law. Approximately two months later, eight of the nine remaining Plaintiffs withdrew their amended motion to reopen the case (Dkt. No. 76). In doing so, those Plaintiffs stated that they had elected against seeking rescission of the settlement agreement and in favor of affirming the settlement agreement and suing for damages in a separate

---

[1] The initial motion to reopen (Dkt. No. 32) was accordingly denied as moot (Dkt. No. 44).

action. Accordingly, the Court denied Plaintiffs' amended motion to reopen, construed the notice of withdrawal as a motion for voluntary dismissal with prejudice, and thus dismissed the claims of Plaintiffs Anthony Mills, Markis Flanders, Melissa Wigfall, Virginia Larry, Connie Daniels, Malisa Butler, Kimberly Harris, and Genethel Pye with prejudice (Dkt. No. 81). The only remaining Plaintiff, Melissa Worley, dismissed her claims with prejudice shortly thereafter (Dkt. No. 82).

Although all of the claims had been dismissed with prejudice, Sodexo's motion for Rule 11 sanctions remained pending. After conducting a hearing on the motion for sanctions, the Court granted the motion, finding that Lawson's allegations of fraud were frivolous (Dkt. No. 93). Indeed, the Court noted that Lawson's allegations of fraud were objectively frivolous, were not supported by evidence, and, given the facts available to Lawson at the time, were not likely to be supported by evidence after a reasonable opportunity for further investigation (*id.*). The Court stated that Lawson should have been aware that they were frivolous and accordingly found that sanctions were warranted (*id.*). As a result, the Court ordered Lawson to pay $1,500 in attorney's fees to Sodexo and to complete five hours of continuing legal education on the topic of civil practice (*id.*). The sanctions imposed by the Court departed from Sodexo's requested award of sanctions of more than $42,000.00 in attorneys' fees because the Court found that the ordered sanctions would prove sufficient to deter repetition of Lawson's conduct.

Lawson did not appeal the sanctions order and in fact complied with the sanction requirements (Dkt. No. 94). A year later, however, Lawson filed a motion under Rule 60(b) for relief from the order granting sanctions (Dkt. No. 97). Specifically, Lawson sought relief from

the sanctions order under Rule 60(b)(3) for fraud, misrepresentation, or misconduct by Sodexo or, alternatively, under Rule 60(b)(6) as a catchall for purported exceptional circumstances which she claimed warranted relief (Dkt. No. 97). Essentially, Lawson argued that Sodexo failed to disclose certain information before she filed her motion alleging settlement fraud and, further, that evidence she subsequently discovered demonstrated that she had conducted a reasonable investigation prior to alleging such fraud (*id.*). After consideration, the Court determined Lawson failed to demonstrate that she had evidence to support her allegations of fraud at the time she filed the motion or, based on the facts available at the time, that she was likely to obtain such evidence.[2] Basically, the Court found that the evidence Lawson subsequently discovered did not demonstrate that she conducted a reasonable investigation before alleging settlement fraud against Sodexo and opposing counsel. Accordingly, the Court denied Lawson's Rule 60(b) motion (Dkt. No. 100), which Lawson then appealed (Dkt. No. 101).

On appeal, the Eleventh Circuit affirmed the Order denying Lawson's Rule 60(b) motion (Dkt. Nos. 111, 115). In doing so, the Eleventh Circuit found Lawson's arguments unpersuasive as Lawson failed to file a motion to compel discovery before filing her amended motion to reopen and since Sodexo was under no obligation to provide her with a copy of the management agreement, much less an un-redacted copy, or to compel Saint Leo employees to appear for deposition (Dkt. No. 111). Accordingly, the Eleventh Circuit determined that this Court did not abuse its discretion in denying Lawson's Rule 60(b) motion.

While Lawson's appeal was pending, Sodexo filed the instant motion for an award of

---

[2] Notably, the Court, finding Lawson's arguments lacked any discernible merit, considered the motion without requiring a response from Sodexo.

attorneys' fees and costs associated with the Rule 60(b) motion (Dkt. No. 106). By the instant motion, Sodexo asks the Court to award fees and costs pursuant to 28 U.S.C. § 9127 and its inherent powers given the patently frivolous nature of Lawson's Rule 60(b) motion. According to Sodexo, Lawson engaged in numerous inappropriate litigation tactics that have unnecessarily increased the cost to Sodexo and unreasonably multiplied the litigation of the Rule 60(b) motion, including filing a meritless and procedurally improper Rule 60(b) motion, flooding Sodexo with hundreds of pages of irrelevant documents, ignoring and obstructing the Court's good-faith conferral process as required by Local Rule 3.01(g), and refusing to agree to a reasonable method of adjudicating the Rule 60(b) motion that would have streamlined litigation. In response, Lawson contends that an award of fees and costs is not warranted under either 28 U.S.C. § 1927 or the Court's inherent powers because her Rule 60(b) motion was not filed in bad faith or for any improper purpose and she complied with the good-faith conferral process mandated by Local Rule 3.01(g) prior to filing the Rule 60(b) motion (Dkt. No. 110).

## II.    Standard of Review

Under 28 U.S.C. §1927, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute does not operate as a catch-all provision for sanctioning objectionable conduct of counsel. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Instead, a court may impose sanctions pursuant to Section 1927 where it finds (1) an attorney has engaged in "unreasonable and vexatious" conduct, (2) the "unreasonable and vexatious" conduct multiplied the proceedings, and

(3) the dollar amount of the sanction bears a financial nexus to the excess proceedings such that the sanction does not exceed the costs, expenses, and attorneys' fees reasonably incurred because of the sanctionable conduct. *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (*quoting Peterson*, 124 F.3d at 1396).[3]

An attorney's conduct multiplies proceedings when it results in proceedings which would not have been conducted otherwise. *Peterson*, 124 F.3d at 1396. To "unreasonably and vexatiously" multiply proceedings within the meaning of the statute, an attorney's conduct must be so egregious it is tantamount to bad faith, meaning more than negligence or lack of merit. *See Amlong & Amlong P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("For sanctions under section 1927 to be appropriate, something more than a lack of merit is required) (citation omitted). Indeed, mere negligent conduct alone does not support a finding of bad faith under Section 1927. *Amlong*, 500 F.3d at 1241-42; *Schwartz*, 341 F.3d at 1225 ("'Bad faith' is the touchstone. Section 1927 is not about mere negligence." (citations omitted)). In the context of Section 1927, an attorney litigates in bad faith when the attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz*, 341 F.3d at 1225. Even if counsel acts in bad faith, sanctions under Section 1927 are not warranted unless the conduct also multiplied the litigation. *See, generally, Peterson*, 124 F.3d at 1396. To award sanctions under Section 1927, courts must find some causal connection exists between the "unreasonable and vexatious" conduct and the continuation of proceedings that otherwise would

---

[3] Black's Law Dictionary defines the term "vexatious" as conduct "without reasonable or probable cause or excuse; harassing; annoying." *Black's Law Dictionary* (9th ed. 2009).

not have occurred. *Id.*

### III. Discussion

In arguing for an award of fees and costs under 28 U.S.C. § 1927, Sodexo contends that it incurred unnecessary expenses as a result of Lawson's unreasonable and vexatious conduct relating to her Rule 60(b) motion, which served to multiply the proceedings. According to Sodexo, Lawson unreasonably and vexatiously multiplied these proceedings by filing a meritless and procedurally improper Rule 60(b) motion, flooding Sodexo with hundreds of pages of irrelevant documents, ignoring and obstructing the Court's good-faith conferral process as required by Local Rule 3.01(g), and refusing to agree to a reasonable method of adjudicating the Rule 60(b) motion that would have streamlined litigation. Furthermore, Sodexo argues that the filing of the frivolous and untimely Rule 60(b) motion continued a pattern of burdening Sodexo and the Court with late-filed and irrelevant pleadings and documents and that an award of fees is necessary to deter future similar misconduct.

Initially, Sodexo argues that Lawson's Rule 60(b) motion was unreasonable and vexatious because the motion lacked legal merit. In her Rule 60(b) motion, Lawson argued that, at the time she filed her amended motion to reopen, Sodexo failed to disclose information that would have supported her allegations of settlement fraud. Lawson then pointed to subsequent information she received in separate litigation which she argued somehow revealed that Sodexo engaged in fraud and deceit in an effort to hinder her from conducting a proper pre-filing investigation prior to filing her amended motion to reopen. Lawson set forth such allegations in spite of the Court's order sanctioning her under Rule 11 for nearly identical conduct. As a result, the Court

summarily denied Lawson's Rule 60(b) motion. As that Order made plain,

> It was expressly found that Lawson had not uncovered any evidence of fraud at the time she filed the motion [to reopen]. And, based on the facts available to her at the time, the allegations of fraud were not likely to be supported by evidence after a reasonable opportunity for further investigation. Lawson now contends that Defendants failed to disclose certain information and "hindered her ability to conduct a reasonable inquiry." (Dkt. 97, p. 9). But her argument fails to show that she had obtained any evidence to support her allegations <u>at the time</u> she filed the motion. Nor does it show that, based on the facts <u>available at the time</u>, she was likely to obtain such evidence. In short, the evidence that Lawson subsequently discovered does not demonstrate that she did, in fact, conduct a reasonable investigation before alleging settlement fraud. To the extent Lawson attempts to reargue the merits, her motion is not well-taken.

(Dkt. No. 100 at 3). In fact, the Court found Lawson's claims so lacking in merit that it made its determination without requiring a response from Sodexo.

Following the Court's denial of her Rule 60(b) motion, Lawson immediately appealed. On appeal, the Eleventh Circuit determined that this Court did not abuse its discretion in denying Lawson's Rule 60(b) motion, finding

> Lawson did not file a motion to compel any discovery before filing her motion to reopen. Sodexo was under no legal obligation to provide her with any part of the management agreement–much less a complete, unredacted copy. Sodexo was not obligated–or even able–to compel Saint Leo employees to appear for deposition. And any arguments Sodexo made to the court in response to Lawson's motion to reopen, even if those arguments were wrong, in no way hindered her ability to investigate before she filed that motion. Sodexo's actions do not constitute misconduct or any other action covered under Rule 60(b)(3) or create the kind of extraordinary circumstances that justify relief under Rule 60(b)(6). The court did not abuse its discretion in denying Lawson's Rule 60(b) motion.

(Dkt. No. 111 at 5 (footnote omitted)). As both this Court's Order denying Lawson's Rule 60(b) motion and the Eleventh Circuit's affirmation of such denial indicate, Lawson's Rule 60(b)

motion lacked any discernible merit.[4]  Rather, the motion unreasonably protracted the litigation of this case and required Sodexo to expend resources attempting to confer repeatedly with Lawson as to a resolution of Lawson's contentions and preparing a response to the Rule 60(b) motion.  Although the Court did not require Sodexo to file a response prior to ruling on the Rule 60(b) motion, Sodexo contends that it spent a substantial amount of time and resources preparing a response prior to the Court's ruling.  Regardless, had Lawson not filed the meritless Rule 60(b) motion, the case would have been concluded and Sodexo would not have spent any further time or resources on this case.  Instead, given Lawson's knowing pursuit of the frivolous Rule 60(b) motion, which both this Court and the Eleventh Circuit explained was devoid of any legal merit, the case was unreasonably multiplied.

Beyond the lack of legal merit of the Rule 60(b) motion, Sodexo argues that an award of attorneys' fees and costs is warranted because Lawson committed the same misconduct for which the Court previously sanctioned her.  Mainly, Sodexo contends that, although the Court sanctioned Lawson for her unfounded claims of settlement fraud against Sodexo, Lawson continued to use the word "trick" in her Rule 60(b) motion and to allege that Sodexo deceived her and engaged in other nefarious conduct in conjunction with the litigation of this matter.  Given the Court's sanctions against Lawson for her allegations of fraud in the amended motion to reopen, any new allegations of deceit or trickery regarding the same incident were wholly

---

[4] Lawson seems to argue that the good-faith basis of her Rule 60(b) motion was the extension of the law with respect to the "hindsight test" as discussed in the Court's Order denying the Rule 60(b) motion (Dkt. No. 100 at 2-3).  *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995).  The undersigned finds this argument unpersuasive, especially given the Eleventh Circuit's consideration and affirmance of the Court's rationale in the Order denying the Rule 60(b) motion.

unreasonable. Lawson's pursuit of essentially the same claims that the Court had previously rejected and found sanctionable further demonstrates that Lawson engaged in unreasonable and vexatious conduct which multiplied these proceedings and warrants an award of attorneys' fees and costs under 28 U.S.C. § 1927.

As further support for an award of sanctions pursuant to 28 U.S.C. § 1927, Sodexo contends that Lawson did not uphold her obligation to confer prior to filing the Rule 60(b) motion, which thereby deprived Sodexo of an opportunity to discuss the matter before involving the Court. As Sodexo contends, Lawson should have endeavored to confer more thoroughly prior to filing the Rule 60(b) motion, especially in light of the fact that Sodexo's counsel advised Lawson that she was out of town at a conference. Counsel informed Lawson that she could make herself available two days later via telephone upon return to her office and Lawson agreed to conduct a conferral phone call at that time.[5] Despite such agreement, and without any meaningful conferral regarding the motion, Lawson filed her Rule 60(b) motion less than thirty minutes after the discussion with counsel for Sodexo about the telephone conferral to occur two days later. Furthermore, despite Local Rule 3.01(g)'s direction to confer in good faith prior to the filing of any motion, the parties then conferred two days *after* the filing of the motion, at which point

---

[5] Lawson makes much of counsel for Sodexo's use of an iPhone to respond to the request to confer regarding the Rule 60(b) motion. Essentially, Lawson contends that, if counsel for Sodexo could send an e-mail via her iPhone, counsel for Sodexo could also have picked up the phone to confer. Lawson fails to take into consideration counsel's presence at an out-of-state conference wherein she most likely did not have immediate access to the case file, the 549-page motion, or to research tools to provide a proper response. Accordingly, the undersigned does not afford much weight to Lawson's argument that counsel for Sodexo could have called to confer as to the merits of a motion while attending an out-of-state conference.

Sodexo explained its position as to the procedural and substantive issues it found with the motion. According to Sodexo, its suggestions were ignored by Lawson. Had Lawson properly conferred with Sodexo prior to filing her motion, some of the issues raised by Sodexo, such as the removal of the word "trick" from the motion, could have been addressed then rather than through a motion to amend or through Sodexo's wasted effort to draft a motion to strike and for attorneys' fees (*see* Dkt. No. 106, Declaration of Tracey Jaensch, Exh. I). Though the substance of Lawson's frivolous Rule 60(b) motion and Sodexo's opposition to it may have remained even if Lawson had properly conferred prior to filing the Rule 60(b) motion, her failure to properly confer unreasonably multiplied the litigation and Sodexo's efforts in defending against the frivolous Rule 60(b) motion. Accordingly, Lawson's actions in conjunction with the conferral process relating to the Rule 60(b) motion further support an award of attorneys' fees and costs under 28 U.S.C. § 1927.[6]

In sum, Lawson behaved in a unreasonable and vexatious manner when she filed a Rule 60(b) motion that lacked legal merit and that repeated the same conduct for which she had been sanctioned previously in this action. This conduct unreasonably and vexatiously multiplied the proceedings by forcing the Court and Sodexo to address the voluminous and untimely Rule 60(b) motion. Accordingly, under 28 U.S.C. § 1927, Sodexo's motion for attorneys' fees and costs

---

[6] Additionally, Sodexo argues that Lawson unreasonably rejected Sodexo's attempt to streamline the litigation of the Rule 60(b) motion by way of a bifurcated response approach. It is unclear, however, whether Sodexo's proposed bifurcated response approach would have actually reduced the amount of time and effort required by Sodexo in response to the Rule 60(b) motion, especially in light of the Court's quick ruling upon the Rule 60(b) motion. Furthermore, Lawson was under no obligation to adhere to any bifurcated response approach suggested by Sodexo, even if Sodexo believed it would streamline the litigation of the Rule 60(b) motion.

13

should be granted and Sodexo should be allowed to provide evidence to the Court establishing the amount of the fees and costs associated with the Rule 60(b) motion so that the Court can determine an award of fees and costs to Sodexo.

### IV.     Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Sodexo's Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (Dkt. No. 106) be GRANTED.

2. Sodexo be given twenty-one (21) days from the date of the Court's Order on the instant motion to file evidence establishing the amount of fees and costs associated with the Rule 60(b) motion for the Court's consideration and determination of an award of fees and costs.

IT IS SO REPORTED in Tampa, Florida, this 1st day of July, 2013.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record