UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CONNIE DANIELS, et al.,**

    **Plaintiffs,**

v.                                                    Case No.: 8:10-cv-00375-T-27AEP

**SODEXO, INC., et al.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the thorough Report and Recommendation (Dkt. 116) of the Magistrate Judge recommending that Defendant Sodexo, Inc.'s Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (Dkt. 106) be granted against Plaintiffs' counsel, Sonia Lawson. Lawson objected to the R&R (Dkt. 117), and Sodexo responded (Dkt. 118). A hearing on the objections is unnecessary, as they have no facial merit. Upon consideration, the Report and Recommendation (Dkt. 116) is APPROVED and ADOPTED. Defendant Sodexo, Inc.'s Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (Dkt. 106) is GRANTED.

### STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th

Cir. 1994).

## DISCUSSION

### *Objections One & Three*

Lawson's first and third objections lack merit.[1] The Magistrate Judge made no factual findings related to those objections and did not rely on the timeliness of the Rule 60(b) motion or the sufficiency of the Local Rule 3.01(g) conference in recommending § 1927 sanctions. Rather, the Magistrate Judge concluded that Lawson "behaved in a[n] unreasonable and vexatious manner when she filed a Rule 60(b) motion that *lacked legal merit and that repeated the same conduct for which she had been sanctioned previously in this action*." Dkt. 116 at 13 (emphasis added).[2]

### *Objection Two*

In September 2011, Lawson was sanctioned under Federal Rule of Civil Procedure 11 for filing a motion to reopen the case containing allegations of fraud against Sodexo that were objectively frivolous and not supported by the evidence (*see* Dkt. 93).[3] One year later, she filed a motion for relief from the sanctions under Rules 60(b)(3) and 60(b)(6). She contended that newly discovered evidence demonstrated that Sodexo hindered her investigation prior to filing her motion to reopen the case, which led to sanctions because she was unable to properly develop the facts necessary to demonstrate a reasonable basis for filing the motion to reopen. Lawson relied on

---

[1] Lawson first objected that "[t]he Magistrate Judge erred by finding that the Rule 60(b) motion was untimely filed." Her third objection was that "[t]he Magistrate Judge erred by finding that undersigned failed to properly confer under Rule 3.01g prior to filing her Rule 60(b) motion."

[2] Lawson's assertion that "[t]his court has determined that the Rule 60(b) motion was timely filed" is inaccurate, if not factually misrepresentative. The order referred to noted that it was "questionable" whether the motion was timely filed (Dkt. 110 at 2 n.1), and the Eleventh Circuit concluded in *dicta* that the delay in filing the motion was "likely not reasonable under Rule 60(c)(1)" (Dkt. 111 at 5 n.1).

[3] Lawson did not appeal the order and filed a certificate of complying with the sanctions (Dkt. 94).

deposition testimony of Rich Vogel and Frank Mezzanini from an unrelated matter, referenced portions of the contract governing the relationship between Sodexo and Saint Leo University, and accused Sodexo of "trick[ing]" her into relying on Vogel's testimony, which Sodexo allegedly knew was inaccurate (*see* Dkt. 97 at 20).

Rule 60(b)(3) permits relief from an order due to fraud, misrepresentation, or misconduct by an opposing party. The grounds for 60(b)(3) relief must be proved by "clear and convincing evidence" and the movant must show that the "conduct prevented the losing party from fully and fairly presenting his case or defense." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). Rule 60(b)(6) is a catch-all provision for "any other reason that justifies relief," but is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

The Rule 60(b) motion was denied (Dkt. 100) because the arguments and evidence did not show that Lawson "had obtained any evidence to support her allegations at the time" she filed the motion to reopen, nor did they show that "based on the facts available at the time, she was likely to obtain such evidence." *Id.* In other words, none of the newly discovered evidence showed in a clear and convincing manner that Lawson's failure to conduct a reasonable investigation prior to alleging settlement fraud was occasioned by Sodexo's fraud, misrepresentation, or misconduct. The Eleventh Circuit affirmed the denial, noting that Lawson did not engage in any discovery before filing the motion to reopen, and Sodexo "in no way hindered her ability to investigate before she filed that motion." Dkt. 111 at 5.

Sodexo subsequently filed a motion for sanctions under 28 U.S.C. § 1927 (Dkt. 106), arguing that the Rule 60(b) motion was unreasonable, vexatious, and multiplied the proceedings causing Sodexo to incur additional, unnecessary legal fees.

Section 1927 allows an attorney "who so multiples the proceedings in any case unreasonably and vexatiously" to be sanctioned through imposition of the attorneys' fees "reasonably incurred because of such conduct." Conduct is unreasonable and vexatious under § 1927 only if it is so egregious that it is "tantamount to bad faith." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007). Bad faith is not engendered by mere negligence or lack of merit. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Rather, the attorney must knowingly or recklessly pursue a frivolous claim. *Hudson*, 499 F.3d at 1262. Conduct subject to § 1927 sanctions is examined from an objective viewpoint. *Id.* "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard." *Id.*

The Magistrate Judge correctly found that Lawson engaged in recklessly vexatious conduct by filing the Rule 60(b) motion and arguing that the evidence demonstrated grounds for relief from the Rule 11 sanctions. None of the evidence presented demonstrates that Sodexo engaged in fraud, misrepresentation, or misconduct. Moreover, the contentions that Sodexo had tried to trick Lawson into deposing Vogel and that Sodexo concealed portions of the governing contract had been rejected by this Court and the Eleventh Circuit, yet Lawson asserted them once again.

Even if Lawson only negligently believed that this evidence clearly and convincingly demonstrated fraud, misrepresentation, or misconduct, it was reckless for her to argue that any of it concerned her state of mind or the reasonableness of her investigation *at the time of filing* the motion to reopen. Lawson objects to this point, arguing that relying on post-filing evidence was not unreasonable or vexatious because she was making a good-faith argument for an extension of the "hindsight test" with regard to Rule 11 sanctions. This argument was appropriately rejected by the Magistrate Judge.

The "hindsight test" refers to the principle that a Rule 11 sanctions inquiry "focuses only on the merits of the pleading gleaned from facts and law *known or available to the attorney at the time of filing.*" *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (emphasis added). In *Jones*, the Eleventh Circuit held that it was not an abuse of discretion for the district court to base Rule 11 sanctions, in part, on post-filing actions suggesting the attorney did not have a reasonable basis for filing the complaint *at the time it was filed. Id.*

Lawson argues that she made a good-faith argument for extending *Jones* to allow a court to consider evidence demonstrating the attorney developed a reasonable basis for the pleading *after it was filed*. This argument contravenes a basic tenet of the Rule 11 analysis. Under Rule 11, an attorney's subjective belief and the reasonableness of her inquiry are evaluated *at the time of the filing. See Hodges v. Publix Super Markets, Inc.*, 372 Fed. Appx. 74, 78 (11th Cir. 2010); *Jones*, 49 F.3d at 695; *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995). At no point in *Jones* did the Eleventh Circuit approve examining an attorney's belief held *after* the time of filing. It only allowed post-filing evidence to be used to investigate the attorney's belief *at the time of filing*. A reasonable attorney would not consider Lawson's suggested extension of *Jones* to be well-founded, and no court has ever suggested that such an extension is appropriate.[4] That stance was unreasonable and vexatious.[5]

It was objectively unreasonable for Lawson to believe that the evidence uncovered in another case proved clearly and convincingly that Sodexo engaged in fraud, misrepresentation, or misconduct, or to believe that the "hindsight test" could be extended to consider her post-filing

---

[4] Indeed, Lawson does not cite any authority suggesting such an extension is appropriate.

[5] Additionally, Lawson was sanctioned, in part, due to an investigation prior to filing the motion to reopen that was not "reasonable under the circumstances." Fed. R. Civ. P. 11(b); *see* Dkt. 93 at 5. She does not argue that the post-filing evidence validates the reasonableness of her investigation, and on that basis alone the motion could be considered unreasonable and vexatious.

evidence in a Rule 60(b) motion. Lawson therefore vexatiously multiplied proceedings by filing the Rule 60(b) motion. Sanctions pursuant to 28 U.S.C. § 1927 are appropriate, and the Magistrate Judge correctly recommended that Sodexo's motion be granted.

Accordingly,

1) The Report and Recommendation (Dkt. 116) is APPROVED and ADOPTED for all purposes, including for appellate review.

2) Defendant Sodexo, Inc.'s Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (Dkt. 106) is GRANTED.

3) Defendant Sodexo, Inc. shall comply with the Local Rules concerning awards of attorneys' fees and submit the necessary affidavits and pleadings for a determination of the amount of attorneys' fees and costs to be awarded.

**DONE AND ORDERED** this 5th day of August, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record