UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNIE DANIELS et al.,

      Plaintiffs,

vs.                                      Case No.:  8:10-cv-00375-T-27AEP

SODEXO, INC. et al.,

      Defendants.

_____/

## ORDER

**BEFORE THE COURT** is Defendant Sodexo, Inc.'s Notice of Compliance with Court's Order [Dkt. 120] Adopting Magistrate's Report and Recommendation [Dkt. 116] (Dkt. 122), in which Defendant sets forth the fees to which it claims to be entitled as a result of the Order granting sanctions under 28 U.S.C. § 1927 against Plaintiffs' counsel, Sonia Lawson. Lawson objected to the Notice of Compliance (Dkt. 126), and Sodexo replied on leave of Court (Dkt. 130). Upon consideration, sanctions in the amount of **$28,257.50** are imposed against Sonia Lawson.

### INTRODUCTION

In September 2011, Plaintiffs' counsel, Sonia Lawson, was sanctioned under Federal Rule of Civil Procedure 11 for filing a motion that contained allegations of fraud against Sodexo that were objectively frivolous (*see* Dkt. 93). One year later, Lawson filed a motion for relief from the sanctions under Rules 60(b)(3) and 60(b)(6) (*see* Dkt. 97). The Rule 60(b) motion was denied (Dkt. 100), and the Eleventh Circuit affirmed (Dkt. 111).

Sodexo then filed a motion for sanctions under 28 U.S.C. § 1927 (Dkt. 106) in this Court, arguing that the Rule 60(b) motion was unreasonable, vexatious, and multiplied the proceedings, causing Sodexo to incur additional, unnecessary legal fees. The motion was referred to the Magistrate Judge, who recommended that it be granted (Dkt. 116). Lawson objected to the

Magistrate Judge's findings and conclusions (Dkt. 117), but her objections were overruled, and the § 1927 motion was granted (Dkt. 120). As a result, Sodexo was ordered to comply with the Local Rules concerning motions for attorneys' fees, which it did by filing a notice of compliance (Dkt. 122) attaching affidavits and billing statements evidencing the attorneys' fees expended in relation to Lawson's motion for reconsideration. In response, Lawson objects to a significant portion of the attorneys' fees claimed by Sodexo.

<h2 align="center">STANDARD</h2>

The dollar amount awarded when granting § 1927 sanctions "must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The sanctions may include both the fees incurred as a result of the sanctionable conduct and the fees incurred in obtaining the sanctions award. *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Nevertheless, "objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999); *see Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1330 (M.D. Fla. 2010) ("Generalized statements concerning reasonableness are of little value to the Court; instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity.").

To determine a reasonable award of attorneys' fees, a "lodestar" is first calculated, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Barnes*, 168 F.3d at 427. There is a "strong presumption" that the lodestar amount is a reasonable fee. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1450 (11th Cir. 2009).

2

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The fee applicant must provide the district court with detailed evidence about the reasonable hourly rate. *Barnes*, 168 F.3d at 427. What an attorney charges his clients is powerful, and perhaps the best, evidence of the prevailing market rate for the attorney's services because "that is most likely to be what he is paid as 'determined by supply and demand.'" *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The Court is "itself an expert" on the reasonableness of hourly rates and "may consider its own knowledge and experience on the topic." *Id.*

## DISCUSSION

Lawson first objects to Sodexo's inclusion of appellate attorneys' fees. She is correct. A district court does not have jurisdiction to award appellate attorney's fees under § 1927. *Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1266-67 (11th Cir. 2007). Accordingly, all time entries related to appellate proceedings will be excluded from the sanction.

Lawson next objects to the hours reflected in the timesheets appended to the affidavit of Helen Palladeno (Dkt. 122-2), arguing that the records should be stricken for a lack of billing judgment and because they contain appellate fees, hours on unrelated matters, and time entries before Palladeno appeared in the case. Sodexo acknowledges that certain time entries identified by Lawson are unrelated to this matter and should not be included in the sanction amount. Specifically, Sodexo concedes that three entries are improperly included: (1) the November 12, 2012 entry for $136; (2) half of the July 8, 2013 entry for $204; and (3) the August 8, 2013 entry for $46.50 (Dkt. 126 at 5).[1]

Lawson also objects to all of Palladeno's time entries prior to March 27, 2013, arguing that

---

[1]Lawson also argues that a $170 entry on August 7, 2013, should be excluded because the memorialized telephone conference concerned a motion that did not exist. This argument is unpersuasive because Lawson filed a motion in opposition to Sodexo's notices of compliance, although she titled it a response. *See* Dkt. 121.

Palladeno had not yet appeared in the case and therefore could not bill for time spent working on the case. Palladeno was substituted in as counsel for Sodexo on October 16, 2012, however, not March 27, 2013 (Dkt. 103).

Lawson next argues that Sodexo has failed to provide the necessary pleadings and evidence to substantiate the hourly rates of attorneys and paralegals. Contrary to Lawson's contention, in addition to the affidavits of Palladeno and Tracey Jaensch, Sodexo filed the affidavit of James Moten Thompson, an employment attorney in the Tampa Bay area with 23 years of experience, who avers that the hourly rates charged by Palladeno, Jaensch, Amanda Ballard, Jennifer Monrose Moore, Lorene Harris, and Shelley Franz are reasonable and reflect the expertise of the professionals involved (Dkt. 130-2).

Considering the experience of the professionals, the prevailing market rates, the affidavit filed in support, and the Court's own knowledge and expertise on the issue of attorneys' fees, the hourly rates charged by attorneys Palladeno ($340), Moore ($285), Jaensch ($345), and Ballard ($250) are reasonable. *See Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *15-16 (M.D. Fla. Jan. 25, 2012) (Whittemore, J.) (concluding that hourly rates of $375-$400 are reasonable for highly experienced attorneys).

A reasonable hourly rate for paralegals Harris and Franz, who have 14 and 19 years of paralegal experience, respectively, is $100, consistent with rates in the Tampa Bay area. *See id.* (concluding that a reasonable hourly rate for an experienced paralegal in Tampa is $95).

Upon careful and exhaustive review of the materials submitted, the following lodestars are established by Sodexo's evidence:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Tracy Jaensch | 50.0 | $345.00 | $17,250.00 |
| Amanda Ballard | 5.3 | $250.00 | $1,325.00 |

4

| Jennifer Monroe Moore | 5.7 | $285.00 | $1,624.50 |
| Helen Palladeno | 23.7 | $340.00 | $8,058.00 |
| Lorene Harris[2] | 0.0 | $100.00 | $0.00 |
| Shelley Franz | 0.0 | $100.00 | $0.00 |

These lodestars reflect the disallowance of hours dedicated to appellate work and hours that do not bear a sufficient nexus to Lawson's frivolous conduct.[3] The number of reasonable hours has also been adjusted to account for work that was duplicative or performed by two attorneys.[4] This is not to say that it was unreasonable for Sodexo's attorneys to perform the work, only that such costs cannot be passed on to Lawson without a showing by Sodexo that "the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Barnes*, 168 F.3d at 432.

---

[2]Paralegal fees can be recovered "only to the extent that the paralegal performs work traditionally done by an attorney," *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982), which does not include "clerical work, compilation of facts and statistics and other work which can often by accomplished by non-lawyers." *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). All of the fees claimed for paralegal work are duplicative (Oct. 31, 2012 entry for $108.50; July 11, 2013 entry for $124.00), relate to appellate fees (Dec. 10, 2012 entry for $124.00), or consist of non-attorney clerical work (July 15, 2013 entry for $170.50).

[3]The following entries by attorneys in the timesheets were disallowed because they lack a sufficient financial nexus to Lawson's frivolous conduct: The September 13, 2012 entry by Jaensch for 2.0 hours (Dkt. 122-1 at 6); the September 14, 2012 entry by Jaensch for 0.3 hours (Dkt. 122-1 at 6); the September 14, 2012 entry by Jaensch for 0.5 hours (Dkt. 122-1 at 7); the October 8, 2012 entries by Ballard for 0.9 hours and 0.3 hours (Dkt. 122-2 at 6); the October 9, 2012 entry by Palladeno for 0.1 hours (Dkt. 122-2 at 6); the November 12, 2012 entry by Palladeno for 0.4 hours (Dkt. 122-2 at 10); the March 22, 2013 entry by Palladeno for 0.1 hours (Dkt. 122-2 at 17); and the July 8, 2013 entry by Moore for 0.2 hours for a conference with Palladeno (Dkt. 122-2 at 23). *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) ("If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper.").

[4]The following entries by attorneys were disallowed because they are unreasonably duplicative of other attorneys' conduct: The November 5, 2012 entry by Ballard for 0.2 hours (Dkt. 122-2 at 10) is duplicative of the same entry by Palladeno (Dkt. 122-2 at 10); the July 3, 2013 entry by Moore for 0.3 hours (Dkt. 122-2 at 23) is duplicative of entries with the same description by Moore and Palladeno on July 1 and July 2, respectively (Dkt. 122-2 at 22); and Moore's August 7, 2013 entries for 0.3 hours and 0.3 hours (Dkt. 122-2 at 26) are duplicative of Palladeno's entries on August 5 and August 6 (Dkt. 122-2 at 25). *See Barnes*, 168 F.3d at 432 (reduction in hours for redundancy is warranted "only if the attorneys are unreasonably doing the same work").

The remainder of Lawson's objections are dedicated to her argument that Sodexo's attorneys failed to exercise billing judgment. Fee applicants are required to exercise billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In that vein, they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore one's adversary. *Barnes*, 168 F.3d at 428. If fee applicants do not exercise billing judgment, courts are obligated to do it for them by "cut[ting] the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise necessary." *Id.*

While applicants are required to exercise billing judgment, their opponents are obliged to provide "specific and reasonably precise" objections and proof concerning hours that should be excluded. Lawson has filed "worksheets" indicating which time entries she argues should be excluded and for what reason. For the timesheets submitted by Jaensch, these objections are reasonably precise, but for the timesheets attached to the affidavit of Palladeno, the worksheets and Lawson's arguments are wholly incomprehensible.

Lawson presents no evidence, other than her unsupported allegations and conclusions, that Sodexo's attorneys failed to exercise billing judgment. Nevertheless, the Court has undertaken the task of reviewing the timesheets line-by-line to ensure that time is excluded where Sodexo's counsel failed to exercise billing judgment. Upon a careful review, the evidence submitted by Sodexo does not substantiate Lawson's objections that Sodexo's attorneys failed to exercise billing judgment. With a few exceptions,[5] the hours expended by Sodexo's attorneys are reasonable and bear a financial nexus to the vexatious pleading filed by Lawson.

Accordingly, Sonia Lawson is sanctioned under 28 U.S.C. § 1927 and is liable to Defendant Sodexo, Inc. for attorneys' fees in the amount of **$28,257.50**, which shall be paid to Sodexo within

---

[5]*See supra* notes 3, 4.

6

sixty (60) days of the date of this Order.

**DONE AND ORDERED** this __28th__ day of October, 2013.

_JAMES D. WHITTEMORE_
**United States District Judge**

Copies to:  Counsel of Record

7